In the

# United States Court of Appeals
## For the Seventh Circuit

―――――――――――

No. 21-2891

JEVARREO KELLEY-LOMAX,

*Plaintiff-Appellant,*

*v.*

CITY OF CHICAGO, ILLINOIS,

*Defendant-Appellee.*

―――――――――――

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 20 C 4638 — **John Z. Lee**, *Judge*.

―――――――――――

ARGUED SEPTEMBER 12, 2022 — DECIDED SEPTEMBER 28, 2022

―――――――――――

Before EASTERBROOK, KIRSCH, and JACKSON-AKIWUMI, *Circuit Judges*.

EASTERBROOK, *Circuit Judge*. A person arrested in Chicago can take some property into jail but must surrender other property, including cell phones. Chicago offers the detainee 30 days to reclaim the property in person (if released before then) or by proxy—the detainee may designate a friend or relative to pick it up. Property remaining in the City's hands after 30 days is sold or thrown away. *Conyers v. Chicago*, 10 F.4th

704 (7th Cir. 2021), cert. denied, 142 S. Ct. 1669 (2022), rejects several constitutional challenges to the City's policy.

Jevarreo Kelley-Lomax wants us to take another look at the subject. After he was arrested, he remained in custody for more than 30 days and did not find anyone willing to retrieve his property. The City disposed of a cell phone and a wallet, including a debit card and library card, that the police had seized. Deeming the suit controlled by *Conyers*, the district court dismissed the complaint for failure to state a claim on which relief may be granted.

*Conyers* held, among other things, that the Fourth Amendment (applied to state actors by the Fourteenth) does not regulate disposition of the seized property. 10 F.4th at 709–10. Disposition, we concluded, is governed by the Due Process Clause. The Fourth Amendment is satisfied if the seizure is reasonable when it occurs—as seizure of an arrestee's property is, see *Lee v. Chicago*, 330 F.3d 456 (7th Cir. 2003). Kelley-Lomax wants us to overrule this portion of *Conyers*, but we do not see any deficiency in that opinion's reasoning.

*Conyers* rejected a due process challenge to the City's policy, holding that the City provides detainees with notice and an opportunity to reclaim their property. Kelley-Lomax tries a different tack: substantive due process. He maintains that the City must serve as unpaid custodian of his goods for as long as it takes for him (or his designee) to retrieve the items.

Put in that way, the argument lacks any prospect of success. Substantive due process depends on the existence of a fundamental right, which means a right with deep roots in our history and traditions. See, e.g., *Washington v. Glucksberg*, 521 U.S. 702, 721 (1997); *Timbs v. Indiana*, 139 S. Ct. 682, 686–

87 (2019); *Dobbs v. Jackson Women's Health Organization*, 142 S. Ct. 2228, 2246–48 (2022). Kelley-Lomax does not contend that our historical tradition recognizes a right to have the government serve as unpaid custodian of property for extended periods. Instead he characterizes the fundamental right as property itself.

We do not doubt that property is a fundamental right; the Takings Clause shows as much. But, as we explained in *Conyers*, property can be abandoned. After that occurs the former owner lacks rights. 10 F.4th at 712. Chicago draws the abandonment line at 30 days. That choice cannot be attacked by pointing to the fundamental status of "property" in the abstract. Instead the plaintiff must address the actual policy at stake: the government's unwillingness to serve as unpaid bailee for indefinite periods. And on that score Kelley-Lomax does not even try to show that such a role for government has historical provenance.

*Conyers* remarked that 30 days is a short time for a detainee to take the steps necessary to retrieve property. 10 F.4th at 715. Perhaps it is too short. The Due Process Clause requires notice and an *adequate* opportunity to protect one's interests. But in this case, just as in *Conyers*, the plaintiff has made an all-or-none argument. Instead of contending that the Constitution requires 60 or 90 days, Kelley-Lomax contends that a detainee is entitled to wait a lifetime before claiming the property. Perhaps that strategy is driven by the fact that during the whole six months he remained in custody, Kelley-Lomax did not try to retrieve the phone or wallet. The choice between 30 days and a longer time did not matter to Kelley-Lomax. But it may matter to other detainees, and *Conyers* leaves timing open.

*Conyers* also does not tackle the question whether Chicago must sell the seized items for the detainees' accounts rather than throwing them in the trash. Units of government often take custody of unclaimed property, returning it once the owner has been identified (provided that the time for escheat has not arrived). We held in *Cerajeski v. Zoeller*, 735 F.3d 577 (7th Cir. 2013), and *Goldberg v. Frerichs*, 912 F.3d 1009 (7th Cir. 2019), that, when the property is financial (securities or money on deposit), the government must return it with interest once the owner steps forward. Cf. *Webb's Fabulous Pharmacies, Inc. v. Beckwith*, 449 U.S. 155 (1980); *Brown v. Legal Foundation of Washington*, 538 U.S. 216 (2003). The government may charge custodial fees but must surrender the balance.

That approach works well with monetary instruments. Physical items seized from arrested persons make claims on limited space, and for many detainees the costs of arranging a sale in order to free up space would exceed the value of the items in inventory. But cell phones and jewelry often have substantial market value. When the governmental interest is limited to rationing available storage, perhaps the option of sale for detainees' accounts must be considered. See also *United States v. Miller*, 588 F.3d 418 (7th Cir. 2009) (seized firearms that have not been forfeited may be sold for owner's account but must not be destroyed if they have value net of expenses for custody and sale). Conyers did not make an argument along these lines, and neither did Kelley-Lomax. We mention the possibility not to resolve it, but to show that neither *Conyers* nor this decision has resolved it implicitly.

AFFIRMED